ARTHUR M. LOVE, JR. *v.* GEORGE F. BACHMAN, JR. ET AL.

[No. 222, September Term, 1979.]

*Decided December 6, 1979.*

The cause was argued before LOWE, LISS and WEANT, JJ.

Submitted on brief by *Douglas G. Worrall* and *Smith, Somerville & Case* for appellant.

*John M. Court, Assistant County Solicitor for Anne Arundel County,* with whom was *Richard Lazer Hillman, County Solicitor,* on the brief, for appellees.

LOWE, J., delivered the opinion of the Court.

In *Love v. Bachman,* 38 Md. App. 555 (1978), we reversed the Circuit Court for Anne Arundel County which sustained a demurrer without leave to amend in a mandamus action against the Anne Arundel County Council. Appellant had previously obtained a summary judgment against the Board of Education of Anne Arundel County, presumably from which no appeal was taken, but found the Board had inadequate funds to satisfy the full amount. The suit in *Love, supra* (and here), is an attempt to enforce that judgment by compelling the County through mandamus to appropriate funds to the Board in an amount sufficient to satisfy the judgment against it.

The sole issue in the prior appeal questioning the propriety of the trial court's judgment in sustaining a demurrer, was singularly a pleading one, the sufficiency of the original

pleading. Because no reasons were assigned for its action by the trial court we deliberated in an appellate vacuum, but decided that since the demurrer had specified only two express grounds, the court's decision had necessarily been made on one or the other so we addressed both. The two grounds were 1) whether appellant had *standing* to enforce (by mandamus) a duty owed by appellees to the Board, and 2) whether the *imperative duty* prerequisite to mandamus was sufficiently clear.

We found adequate authority in the Court of Appeals which provided appellant standing in light of his allegations. We also identified an allegation in the petition of appellees' duty, pursuant to statute, to levy and collect taxes sufficient to meet its appropriations to the Board. In reversing, we addressed those two narrow pleading questions only. We did not address directly or inferentially either the merits of the case or any of the possible defenses thereto.

Because we were dealing with the correctness of action on demurrer, we were bound to assume the truth of all allegations in the Petition for Mandamus. Among these was the allegation that judgment had been entered against the Board in a separate case, in the Circuit Court for Anne Arundel County, No. C-7464, "from which no appeal had been taken", and from which a balance under that judgment of $81,000 was due. The case we decided on January 13, 1978, was designated in the Circuit Court for Anne Arundel County as C-8844.

Following our reversal of C-8844, we are told by appellees that the cases were "consolidated" when heard:

> "For clarification it should be noted that the trial court consolidated, for its own convenience, the mandamus action of the architect against the County (C-8844) with the amended claims asserted in C-7464 and the third party claims by the School Board against the County. Prior to the appeal of C-8844 in the Court of Special Appeals, the trial court had dismissed, without leave to amend, the School Board's third party claim against Anne Arundel County in C-7464."

This allegation is reinforced by the brief Memorandum Opinion and Orders of November 13, 1978, filed in both C-8844 and C-7464.[1]

## "MEMORANDUM OF OPINION AND ORDERS

### (November 13, 1978)

In Law No. C-7464, this [Circuit] Court [of Anne Arundel County] made a finding on 9 February 1978 that the Board of Education was still liable to the Plaintiff for $40,673.80 in claims, but deferred entering a judgment for that amount pending a determination of the existence or nonexistence of an appropriation from which the judgment could be paid, *Board v. John K. Ruff, Inc.,* 278 Md. 580 (1976). In the meantime, on 13 January 1978, unknown to this Court until some time later, the Court of Special Appeals had filed its opinion in its No. 453, September Term, 1977 [38 Md. App. 555], our Law No. C-8844, in which it held 'that a citizen with a peculiar interest has standing to enforce a judgment against a county, although it was obtained by him against another legal entity,' and that the Plaintiff was 'a citizen with a peculiar interest' if he proved what he alleged in his amended petition. The Court of Special Appeals did not discuss the implications of *Ruff's* holding, already cited, or the further holding that a political entity clothed with sovereign immunity can not waive that sovereign immunity.

At the last hearing of these cases, the Court entered a finding that 'the Board of Education has no fund with which to pay the judgment' — if a judgment were entered. The Board and the County have responded with a Motion to Dismiss by Reason of Sovereign Immunity. (The County's standing is unchallenged but questionable; it's demurrer to the

---

1. No one has explained to us how or why a case that appeared (by allegation) to have concluded in final judgment ("from which no appeal has been taken") could be reheard and redecided. This appears to have occurred here, but that case is not before us.

Board's Amended Third Party Claim was sustained without leave to amend on 19 April 1977.)

Thus the quandary is perceived: Should mandamus issue in C-8844 to require the County Council to raise funds to pay a sum due from the Board of Education to 'a citizen with a peculiar interest' when the Board itself is immune from judgment?

If the Court were to enter judgment, it would do so for the full amount claimed, with interest on $7,290 from this date; with interest on $18,000 from 15 December 1975; and with interest on $15,383.80 from 31 December 1975. But it is not entering the judgments, though the Plaintiff's proof of entitlement failed in only one respect: That the Board had a fund from which the judgment could be paid. In spite of the Court of Special Appeals' almost direct command to grant the Plaintiff relief, *Ruff* must be given effect, this Court being without power to overrule it even if it were persuaded that it should be.

Accordingly, it is this 13 day of November 1978, by the Circuit Court for Anne Arundel County,

ORDERED: That the Motion to Dismiss in C-7464 is granted;

That the Amended Petition in C-8844 is dismissed, the Plaintiff to pay the costs in both cases.

---

JAMES L. WRAY, JUDGE"

There is no docket entry or order apparent in the record, however, and certainly none in the extract (Md. Rule 1028) to indicate that the cases were consolidated. To the contrary, colloquies extracted from the transcript indicate the contrary, *i.e.,* that the cases were heard in tandem as a convenience, rather than consolidated for that purpose.[2]

---

2. Appellant commenced by alluding only to Case C-8844:

"Alright, if it please the Court, as I understand, this is Law number C-8844, which is the — on an amended Petition for Writ of

The appeal specified that it was from the judgment entered in "Law No. C-8844". That appellant did *not* appeal from the dismissal of C-7464 is apparent also from the fact that he did not extract any part of the record in C-7464 (Md. Rule 1028) nor was the record in that case forwarded to this Court pursuant to Md. Rule 1011 b within 60 days (Md. Rule 1025 a).[3]

We are, therefore, without official knowledge of what has actually transpired in the C-7464 suit against the Board of Education. In our first opinion we were bound to assume the truth of the petition as pled, *i.e.,* for purposes here that an unappealed judgment had been entered against the Board with an amount due under the judgment of $81,000. But the issue here is not one of the adequacy of a pleading, but rather the adequacy of the evidence.

Underlying the sufficiency of the evidence as raised by appellant's sole question,

"Should the writ of mandamus issue as prayed?",

is whether sovereign immunity has been waived by the Board. That issue as argued by the parties is even further refined because of the two specific criteria to be met to effect a waiver of sovereign immunity:

"[F]irst, the Legislature must have explicitly or implicitly removed the protective barrier of governmental immunity from the agency, . . . ."

---

Mandamus on behalf of Arthur M. Love, Jr. my client against the County Council of Anne Arundel County,"

then proceeded subsequently to ask the court:

"At this time, the Plaintiff would, uh, request that the Court . . . take judicial notice of the lawsuit entitled . . . *Arthur M. Love, Jr. versus George Asaki, et al.,* filed in the Circuit Court for Anne Arundel County, Law number C-7464, which is, of course, the case we had this morning,"

after which he introduced various opinions and orders from that case. Such is hardly necessary in a consolidated hearing.

**3.** Had appellant intended the order of appeal to apply to C-7464, we would have dismissed it sua sponte since it does not appear by showing of appellant that the record's absence is due to "neglect, omission or inability of a judge of this Court, the clerk of the lower court, the court stenographer or the appellee. . . ." Md. Rule 1025 c. Appellant's failure to comply with Md. Rule 1028, had he intended to appeal C-7464, is also ground for dismissal. Kemp-Pontiac-Cadillac v. S and M Constr., 33 Md. App. 516, 524 (1976).

*Maryland Port Adm. v. I.T.O. Corp.,* 40 Md. App. 697, 706 (1978),

which was accomplished by Md. Code, Art. 77, § 38;

> "and second, the agency either has the funds from which it can pay the claim or it possesses the power to raise those funds." 40 Md. App. at 706.

See also *Katz v. Washington Sub. San. Comm'n,* 284 Md. 503, 513 (1979). We are concerned on this appeal with whether appellant produced sufficient evidence to prove this latter criterion.

Chief Judge Gilbert, quoting from *Board v. John K. Ruff, Inc.,* 278 Md. 580, 584 (1976), points out in *Maryland Port Adm., supra* at 705, the "modern rule" that has emerged from the Court of Appeals in *American Structures v. City of Balto.,* 278 Md. 356, 359 (1976) and *Board v. John K. Ruff, Inc., supra.*

> " '[A]n action . . . brought for a money judgment in contract or in tort against the State or an agency of the State without the State's consent, actual or implied, . . . must be defended on the ground of sovereign immunity, which cannot be waived unless *funds have been appropriated for the purpose or the agency can provide funds by taxation. . . .*' (Citations omitted.) (Emphasis supplied.)"

See also *Katz v. Washington Sub. San. Comm'n,* 284 Md. at 513; *University of Maryland v. Maas,* 173 Md. 554 (1938).

Appellant concedes that if *this* action were against the Board as an action *ex contractu,* the rule aforesaid would be relevant, *i.e.,* since the Board's immunity was statutorily waived, the issue would be whether a Board fund exists or whether the Board had power to raise funds. He points out, however, that the bifurcated procedure he followed by two separate actions was precisely to avoid that issue.

> "If. Love's action were against the Board as an action *ex contractu,* the *Ruff* and *Maas* cases would be relevant. As the sovereign immunity of the Board has been waived, the issue would be whether a fund

exists. Assuming a fund did not exist and further assuming *arguendo* that the Board had no power to raise funds, Love's action against the Board would be dismissed. It is precisely this result which engendered the determination of Love *not* to rely upon an action against the Board but rather to turn to the body which has the power and duty to raise funds, i.e., the Council." (footnote omitted).

Presumably referring to our previous opinion, appellant then argues that:

"In the case at bar, this Court has already determined as a matter of law that a source of funds is available, i.e. the Council's obligation to levy or tax and pay the receipts over to the Board pursuant to Art. 77, Sec. 117 (e), Anno. Code of Md. (157) [sic]. Further this Court has already determined as a matter of law that mandamus lies to compel the Council to produce those funds (mandamus being the proper action as Love's contract is with the Board and not with the Council)."

That is *not* what this Court held in 38 Md. App. 555. We held only that appellant had factually alleged a personal interest different from the general public sufficient to give him standing; and, that *assuming* the truth of the allegations of the petition that an unfunded appropriation in an annual budget was approved by the appellees (County Council), it was not only authorized but "directed" to

" ' . . . levy and collect such tax upon the assessable property of the county which, together with other local revenue available, . . . will produce the amounts necessary to meet the appropriations made in the approved annual budget of the county board of education.' " *Love v. Bachman,* 38 Md. App. at 563, quoting Md. Code, Art. 77, § 117 (e),

which, if the truth of all allegations were proven, would provide a duty upon the Council to fund the appropriation. That, however, would be a "source of funds" available to *him*

(standing) only if judgment had been obtained in the companion case C-7464 against the Board as he had alleged in paragraph 6 of the petition:

"6. Judgment was entered against the Board in a case filed as *Love v. Asaki, et al.,* in the Circuit Court for Anne Arundel County as Law No. C-7464, from which no appeal has been taken. There is a balance due under the judgment of $81,000.00 with accrued interest and costs. In addition to the judgment amount there is an additional amount of $18,000.00 due, for a total amount of $99,000.00 plus interest and costs, all of which is for work done and services performed on the Center."

Thus, for the demurrer question we *assumed* true, that the conditions precedent to the Council's responsibility under Art. 77, § 117 (e) had been proven, *i.e.,* that appellant's right to a portion of the appropriation had been adjudicated and that

"7. [t]he Board has failed and refused to pay the amount due because the Respondents have failed and refused to pay over to the Board the funds appropriated to pay for the Center,"

as alleged.

But that which was assumed to be true for demurrer purposes has to be proven to justify the issuance of a writ of mandamus. There is nothing in the record extract to support any of these allegations except admissions by answer that the Board had requested an appropriation for the design and construction of the school in question (the architectural services for which the Board had contracted with appellant), and that the requested appropriation was submitted to the Council propitiously, after which "a" bond bill was enacted. Thus, as far as the Record Extract reveals appellant has failed to prove the prerequisites of the County's duty to provide funds

"necessary to meet the appropriations made in the approved annual budget . . . ."

Our extract provides us with *no* evidence or proof of *any* appropriations in an *approved* budget. Md. Rule 1028 b 1 (b) provides that the extract must contain so much of the evidence as is material to any question, the determination of which depends upon the sufficiency of the evidence to sustain the judgment of the lower court. Appellant's question whether the writ should issue is certainly dependent upon evidentiary sufficiency. He has failed to prove the "imperative duty" in the Council that we were required to assume for him in our prior review of this case. To give appellant every consideration we even reviewed, in the sufficiency of evidence light, those transcript excerpts included in the appendix of appellees' brief. It was there indicated that a County finance officer testified that

> "[t]here are no funds which have been appropriated
> by the County that have not been paid over. All funds
> have been paid over that have been appropriated."

Such testimony is evidence that the Council has no imperative duty and is in itself sufficient to support the judgment of the trial court in declining to issue the writ of mandamus to the Council.

Even if the Council did owe a duty to the Board, the trial court's judgment must still be upheld because appellant lacked standing. Appellant not only failed to prove the allegations upon which his standing was predicated in the prior appeal of this case, but he even expressly withdrew those allegations. Included in his niggardly extract, appellant sought to amend his Petition for Writ of Mandamus by orally striking paragraph 6 which we set forth above that had alleged he had an unsatisfied judgment absolute for $81,000.

> "If it please the Court, I would . . . amend the . . .
> petition for Writ of Mandamus by striking . . .
> Paragraph 6 thereof, and substituting therefor . . .
> a finding was entered against the Board in the case
> filed as *Love versus Asaki, et al.,* in the Circuit Court
> for Anne Arundel County as Law number C-7464. . . .
> the amount due as found . . . is 40 thousand, 6
> hundred and 73 dollars and 80 cents. All of which is

"for work done and services performed on the Center. ... in the portion of the ... Prayer, I would amend by interlineation and striking the number 99 thousand dollars and substituting therefore 40 thousand, 6 hundred, 73 dollars and 80 cents.

(Court) Alright."

When the court permitted the amendment, appellant destroyed that upon which we predicated his *standing* to sue the County Council for a writ of mandamus, *i.e.,* a final judgment. He diluted his position from judgment debtor to common claimant. Had that iteration of factfinding by a court been his only allegation on demurrer, his standing, if any, would have been precarious at best.

What subsequently occurred in the case further undercut appellant's standing. As indicated in the order in this case, the trial judge dismissed C-7464, and right or wrong, proper or improper, that dismissal was not appealed. A finding of fact in a "dismissed" case is an opinion without a judgment — hardly a sufficient foundation of standing by "a citizen with a peculiar interest".

It appears that appellant's circuitous attempt to abort the "source of funds" prerequisite to a sovereign immunity waiver, has come full circle to his detriment. He has tried to straddle the source of funds' question by leaning first upon one case as a crutch for the other and vice versa, but the time came when both crutches gave way. When the judge dismissed C-7464 from which no appeal was taken, appellant was left without a leg to stand on.

*Judgment affirmed.*
*Costs to be paid by appellant.*