STEVE HENDERSON, APPELLANT, V.
DEPARTMENT OF CORRECTIONAL SERVICES ET AL., APPELLEES.
589 N.W. 2d 520

Filed February 26, 1999.   No. S-98-169.

Steve Henderson, pro se.

Don Stenberg, Attorney General, and Linda L. Willard for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Steve Henderson appeals from the denial of his petition for writ of mandamus.

## SCOPE OF REVIEW

Notwithstanding whether or not the parties raise the issue of jurisdiction, an appellate court has a duty to raise and determine the issue of jurisdiction sua sponte. *Schmidt v. State*, 255 Neb. 551, 586 N.W.2d 148 (1998).

## FACTS

Pursuant to a plea of guilty, Henderson was convicted of incest, and subsequently, he was sentenced to incarceration for a period of not less than 3½ nor more than 7 years. Henderson appealed his conviction to the Nebraska Court of Appeals, which summarily affirmed, and a mandate issued on September 2.

On September 18, 1997, Henderson filed a petition for writ of mandamus in the district court for Lancaster County. Among other things, Henderson sought a writ directing the Department of Correctional Services (Department) and its officers Gary Grammer and John Martin to establish Henderson's projected release date as one-half of his maximum term, in accordance with Neb. Rev. Stat. § 83-1,107 (Cum. Supp. 1996).

The district court determined that the Department had properly calculated Henderson's projected release date, and the court denied his request for writ of mandamus. Henderson appeals.

## ASSIGNMENTS OF ERROR

In summary, Henderson asserts that the district court erred in finding that the Department had properly calculated his projected release date and in failing to issue a writ directing the Department to recalculate such date.

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998). Notwithstanding whether or not the parties raise the issue of jurisdiction, an appellate court has a duty to raise and determine the issue of jurisdiction sua sponte. *Schmidt v. State, supra.* When a lower court does not gain jurisdiction over the case before it, an appellate court also lacks the jurisdiction to review the merits of the claim. *Id.*

We first note that Henderson failed to serve summons upon either the office of the Attorney General, as the representative of the Department, or the Department's officers Grammer and Martin. While the voluntary appearance of a party is equivalent to service, Grammer and Martin did not make such an appearance. See *Nebraska Methodist Health Sys. v. Dept. of Health*, 249 Neb. 405, 543 N.W.2d 466 (1996). Thus, the district court lacked personal jurisdiction over Grammer and Martin, and they are not parties to this action. See, *id.*; *State Furniture Co. v. Abrams*, 146 Neb. 342, 19 N.W.2d 627 (1945); Neb. Rev. Stat. § 25-217 (Reissue 1995).

The Attorney General's office, on the other hand, entered a voluntary general appearance. Lack of personal jurisdiction over a state agency due to a petitioner's failure to serve summons on the Attorney General may be waived if the agency, as represented by the Attorney General, makes a voluntary appearance. *Nebraska Methodist Health Sys. v. Dept. of Health, supra.* See *Glass v. Nebraska Dept. of Motor Vehicles*, 248 Neb. 501, 536 N.W.2d 344 (1995).

Still, we must address whether the district court had subject matter jurisdiction over this action against the Department. Absent legislative action waiving sovereign immunity, a trial court lacks subject matter jurisdiction over an action against the

state. See, e.g., *Lawry v. County of Sarpy*, 254 Neb. 193, 575 N.W.2d 605 (1998); *Perryman v. Nebraska Dept. of Corr. Servs.*, 253 Neb. 66, 568 N.W.2d 241 (1997); *County of Lancaster v. State*, 247 Neb. 723, 529 N.W.2d 791 (1995); *Riley v. State*, 244 Neb. 250, 506 N.W.2d 45 (1993). Litigants cannot confer subject matter jurisdiction on a judicial tribunal by either acquiescence or consent, *Riley v. State, supra*, and the state's immunity from suit cannot be waived by a voluntary general appearance by the Attorney General, see *McShane v. Murray*, 106 Neb. 512, 184 N.W. 147 (1921).

We conclude that Henderson's mandamus action against the Department is barred by sovereign immunity. Neb. Rev. Stat. § 25-2156 (Reissue 1995) states in part: "The writ of mandamus may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust or station." Nothing in the statutes governing mandamus, Neb. Rev. Stat. §§ 25-2156 through 25-2169 (Reissue 1995), indicates a legislative intent to waive sovereign immunity for mandamus actions against a state agency. Therefore, we conclude that the district court lacked subject matter jurisdiction over Henderson's action against the Department. See, *In re Russell*, 155 F.3d 1012 (8th Cir. 1998) (federal mandamus statute does not waive sovereign immunity); *Taylor v. Troy State University*, 437 So. 2d 472 (Ala. 1983) (mandamus action against state university was barred by sovereign immunity, although action against president and vice president as individuals was not); *Love v. Bachman*, 44 Md. App. 282, 408 A.2d 743 (1979) (in order to maintain mandamus action against state agency, legislature must have explicitly or implicitly removed protective barrier of governmental immunity).

## CONCLUSION

Having determined that the district court lacked personal jurisdiction over Grammer and Martin and lacked subject matter jurisdiction over the action against the Department, we reverse the judgment and remand the cause with directions to dismiss.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.