VERNON R. JOHNSON, APPELLEE, V. HAROLD CLARKE,
DIRECTOR OF DEPARTMENT OF CORRECTIONAL SERVICES, AND
RONALD RIETHMULLER, RECORDS MANAGER, APPELLANTS.
603 N.W.2d 373

Filed December 10, 1999.    No. S-98-1330.

Don Stenberg, Attorney General, and Suzanna G. Glover-Ettrich for appellants.

Vernon R. Johnson, pro se.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

Vernon R. Johnson, an inmate at the Omaha Correctional Center, brought an action under the Uniform Declaratory Judgments Act, Neb. Rev. Stat. §§ 25-21,149 to 25-21,164 (Reissue 1995), against Harold Clarke, director of the Department of Correctional Services (DCS) and Ronald Riethmuller, DCS records manager (collectively referred to as "defendants"). Johnson requested a determination of his rights under certain parole eligibility statutes. The Douglas County District Court found that Johnson's sentence carried a statutory minimum of 1 year's imprisonment and that he was eligible for parole after serving 6 months of that minimum sentence. Defendants then filed this appeal. We moved this case to our docket pursuant to our power to regulate the caseload of this court and that of the Nebraska Court of Appeals. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## FACTUAL BACKGROUND

On May 28, 1996, Johnson was charged with unauthorized use of a financial transaction device. Johnson was convicted of the offense, and on January 17, 1997, he was sentenced to 10 years' imprisonment. In his petition for declaratory judgment, Johnson claimed he received a "Time Computation Sheet" stating that his initial parole eligibility date was October 7, 1997. On August 6, 1997, in a postconviction action before the district court, Johnson's sentence was reduced to "a period of Eight (8) Years." No change in Johnson's parole eligibility date was mentioned in the court's order reducing the sentence.

On May 11, 1998, Johnson appeared before the parole board, seeking to be considered for release on parole. Johnson was informed that he was not eligible for parole and that he would be released on his mandatory release date.

Johnson then filed a declaratory judgment action requesting restoration of his parole eligibility "based upon the statutory minimum as described in N.R.S. § 83-1,110 and § 83-170(9) (Reissue 1995) [sic]." The Douglas County District Court, in its amended order entered December 8, 1998, found that it had subject matter jurisdiction over the declaratory judgment action and

further determined that Johnson's sentence of 8 years' imprisonment was in reality a sentence of "no less than one and no more than eight years for the purpose of determining parole eligibility." In so ruling, the court relied on Neb. Rev. Stat. § 29-2204(1)(a)(ii) (Supp. 1997), which provided that when an offender receives a sentence with no minimum term stated, or a determinate sentence, "the minimum term shall be the minimum sentence provided by law." The crime for which Johnson was sentenced carried a minimum statutory penalty of 1 year's imprisonment. Thus, the court determined that Johnson would be eligible for parole after serving 6 months of the minimum sentence of 1 year. The court ordered defendants to restore Johnson's initial parole eligibility date. It is from this order which defendants appeal.

## ASSIGNMENTS OF ERROR

Defendants assert, restated, that the trial court erred in (1) finding that it had subject matter jurisdiction to hear the action, (2) applying a sentencing statute that was not in effect at the time of Johnson's sentencing, and (3) finding that Johnson's sentence of 8 years' imprisonment carried a statutory minimum of 1 year.

## STANDARD OF REVIEW

In an appeal from a declaratory judgment, an appellate court, regarding questions of law, has an obligation to reach its conclusion independent from the conclusion reached by the trial court. *Heinold v. Siecke*, 257 Neb. 413, 598 N.W.2d 58 (1999). The determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its own conclusions independent from the trial court. *Eli's, Inc. v. Lemen*, 256 Neb. 515, 591 N.W.2d 543 (1999).

## ANALYSIS

### SOVEREIGN IMMUNITY

Defendants argue that the trial court erred in finding that it had subject matter jurisdiction over Johnson's case. Section 25-21,150 of the Uniform Declaratory Judgments Act provides,

"Any person . . . whose rights, status or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder." Johnson brought this action to determine his rights under Neb. Rev. Stat. §§ 83-170(9) (Reissue 1994) and 83-1,110 (Cum. Supp. 1998) regarding parole eligibility. However, defendants contend that Johnson's action is barred by the state's sovereign immunity.

In this case, Johnson is not suing the state, but is suing state officials. A suit against a state officer to obtain relief from an invalid act or from an abuse of authority by the officer or agent is not a suit against the state and is not prohibited by sovereign immunity. *Concerned Citizens v. Department of Environ. Contr.*, 244 Neb. 152, 505 N.W.2d 654 (1993). However, suits which seek to compel an affirmative action on the part of state officials are barred by sovereign immunity. *County of Lancaster v. State*, 247 Neb. 723, 529 N.W.2d 791 (1995).

Defendants assert that Johnson is seeking to compel an affirmative action on the part of defendants by requesting restoration of his original parole eligibility date. Defendants cite *Perryman v. Nebraska Dept. of Corr. Servs.*, 253 Neb. 66, 568 N.W.2d 241 (1997), for the proposition that Johnson's suit is barred by sovereign immunity. In *Perryman*, an inmate brought a declaratory judgment action asking that certain state officials restore his good time credit. The inmate's good time credit had been revoked based on a letter from the Attorney General. We held that the inmate's action against the defendants was barred by sovereign immunity because he was seeking to compel an affirmative action on the part of the officials. We noted that the inmate's good time credit had already been taken away from him and that the inmate sought to compel immediate restitution of his good time credit. The relief sought was affirmative and within the scope of sovereign immunity. Therefore, the district court lacked subject matter jurisdiction.

Defendants claim that because Johnson's original parole eligibility date has already been taken away from him, he is seeking to compel an affirmative action by requesting restoration of

his original parole eligibility date and that thus, his claim is barred by sovereign immunity. Defendants have classified Johnson's sentence as "determinate," with no minimum upon which parole eligibility can be calculated, based on an opinion from the Attorney General. See Att'y Gen. Op. No. 98013 (Feb. 28, 1998). We interpret Johnson's petition as seeking a determination of whether defendants invalidly determined that he was not eligible for parole on the parole eligibility date he claims he was originally given. Johnson seeks to restrain defendants from performing an invalid act. To the extent *Perryman v. Nebraska Dept. of Corr. Servs., supra,* characterizes such relief as affirmative, such characterization is disapproved. Because Johnson's suit is not seeking to compel an affirmative action by defendants, his suit is not barred by sovereign immunity. The trial court properly found that it had subject matter jurisdiction.

SENTENCING STATUTE

Defendants contend that the trial court erred in applying § 29-2204 (Supp. 1997), which was not in effect at the time of Johnson's sentencing. Section 29-2204 determines an offender's minimum sentence from which parole eligibility is then calculated. The key issue is which version of § 29-2204 was in effect when Johnson was sentenced.

Prior to 1993, Nebraska law provided for indeterminate sentencing by operation of law. See Neb. Rev. Stat. § 83-1,105(1) and (2) (Reissue 1987). Thus, if the court imposed a determinate sentence, the "minimum" term of that sentence was considered to be the minimum term provided by law. See *State v. Urbano,* 256 Neb. 194, 589 N.W.2d 144 (1999). In 1993, Nebraska passed the "truth in sentencing" legislation, effective September 9, 1993, which repealed § 83-1,105 and replaced it with § 29-2204. See §§ 83-1,105 and 29-2204 (Supp. 1993). Section 29-2204(1)(a) (Supp. 1993) provided that in imposing a sentence, the court shall "[f]ix the minimum and maximum limits of the sentence to be served within the limits prescribed by law." See, also, § 29-2204(1)(a) (Reissue 1995). This statute abolished the minimum term provided by operation of law. *State v. Urbano, supra.* Under this sentencing scheme, the minimum term could be any term imposed by the court within the sen-

tencing range. *Id.* If the minimum and maximum terms imposed by the court were the same number, the sentence was considered determinate. *Id.* This version of § 29-2204 did not provide a minimum sentence by operation of law when a definite term of years was imposed by the trial court.

In 1997, § 29-2204 was amended, operative July 1, 1998, reinstating indeterminate sentencing by operation of law. This version of the statute provided, in relevant part, that in imposing sentence, the court shall:

>  (a)(i) Fix the minimum and maximum limits of the sentence to be served within the limits provided by law for any class of felony . . . ; or
>
>  (ii) Impose a definite term of years, in which event the maximum term of the sentence shall be the term imposed by the court and the minimum term shall be the minimum sentence provided by law.

§ 29-2204 (Supp. 1997).

■ In summary, Nebraska law mandated indeterminate sentencing by operation of law prior to 1993. From September 9, 1993, through June 30, 1998, determinate sentences were permissible and indeterminate sentencing was not required. Commencing on July 1, 1998, indeterminate sentencing by operation of law was reinstated and is the sentencing scheme currently in effect. See § 29-2204 (Cum. Supp. 1998).

### APPLICABLE VERSION OF § 29-2204

In the present case, defendants contend that the court applied the wrong version of § 29-2204. In its order, the trial court applied § 29-2204 (Supp. 1997), which provided for indeterminate sentencing by operation of law. The court noted that Johnson was sentenced to a flat sentence of 8 years' imprisonment, with no minimum term provided, and that the crime Johnson was convicted of carried a penalty of from 1 to 20 years' imprisonment. Thus, in applying § 29-2204(1)(a)(ii) (Supp. 1997), the court found that Johnson's determinate sentence of 8 years carried a statutory minimum of 1 year.

However, upon a review of the various amendments to the sentencing statute, it is clear the court applied the wrong version of the statute. The operative date of the 1997 amendment to

§ 29-2204 was July 1, 1998. See § 29-2204 (Supp. 1997). Johnson's sentence became final in 1997, before the operative date of the 1997 amendment to § 29-2204. Johnson's minimum sentence should have been determined under § 29-2204 (Reissue 1995), not § 29-2204 (Supp. 1997). The trial court erred in applying § 29-2204 (Supp. 1997).

Section 29-2204 (Reissue 1995) controlled Johnson's sentence. Under this statute, when the court imposes only one term of years, the sentence is determinate. Furthermore, the sentencing scheme in effect prior to July 1, 1998, did not require indeterminate sentencing or that the minimum term be different than the maximum. See *State v. Cook*, 251 Neb. 781, 559 N.W.2d 471 (1997). Thus, the trial court erred in determining that Johnson's sentence of 8 years carried a statutory minimum of 1 year. Under the law in effect at the time Johnson was sentenced, there was no minimum sentence provided by operation of law on a determinate sentence.

## CONCLUSION

The district court was correct in finding that it had subject matter jurisdiction over Johnson's declaratory judgment action. However, the district court erred in applying § 29-2204 (Supp. 1997) because that statute was not in effect at the time of Johnson's sentencing. Under the law as it existed at the time Johnson was sentenced, Johnson's sentence was a determinate sentence of 8 years. Accordingly, the judgment of the district court finding and determining that Johnson has a statutory minimum of 1 year is reversed, and the cause is remanded to the district court, which is ordered to vacate and set aside its order of December 8, 1998.

REVERSED AND REMANDED WITH DIRECTIONS.