Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/05/2018 08:12 AM CDT

STATE OF NEBRASKA EX REL. BILLY D. RHILEY, APPELLANT
AND CROSS-APPELLEE, v. NEBRASKA STATE PATROL,
APPELLEE AND CROSS-APPELLANT.

___ N.W.2d ___

Filed October 5, 2018.    No. S-17-1261.

1. **Immunity: Jurisdiction.** Sovereign immunity is jurisdictional in nature, and courts have a duty to determine whether they have subject matter jurisdiction over a matter.

2. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.

3. ____: ____. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the appeal.

4. **Immunity.** A state's immunity from suit is a fundamental aspect of sovereignty.

5. **Constitutional Law: Actions: Legislature.** The provisions of Neb. Const. art. V, § 22, are not self-executing, and no suit may be maintained against the State unless the Legislature, by law, has so provided.

6. **Statutes: Immunity: Waiver.** Statutes that purport to waive the State's protection of sovereign immunity are strictly construed in favor of the sovereign and against the waiver.

7. ____: ____: ____. A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction.

8. **Immunity: Waiver: Jurisdiction: Legislature.** Absent legislative action waiving sovereign immunity, a trial court lacks subject matter jurisdiction over an action against the State.

9. **Criminal Law: Political Subdivisions: Immunity: Waiver.** Neb. Rev. Stat. § 29-3528 (Reissue 2016) does not expressly waive sovereign

- 242 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
301 NEBRASKA REPORTS
STATE EX REL. RHILEY v. NEBRASKA STATE PATROL
Cite as 301 Neb. 241

immunity for actions brought against a state agency seeking to compel compliance with the Security, Privacy, and Dissemination of Criminal History Information Act, nor does the text overwhelmingly imply that waiver of sovereign immunity is the only reasonable construction.

Appeal from the District Court for Hall County: JOHN H. MARSH, Judge. Vacated and dismissed.

Jared J. Krejci, of Leininger, Smith, Johnson, Baack, Placzek & Allen, for appellant.

Douglas J. Peterson, Attorney General, and David A. Lopez for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

STACY, J.

Billy D. Rhiley filed this mandamus action against the Nebraska State Patrol (NSP) seeking an order commanding the NSP to remove from the public record information regarding his 1991 arrest. The NSP argued (1) the mandamus action was barred by sovereign immunity and thus the court lacked subject matter jurisdiction, (2) the action was moot, and (3) mandamus relief was unavailable because Rhiley had an adequate remedy at law. The district court rejected the sovereign immunity defense, but granted judgment in favor of the NSP and dismissed the mandamus action on the other grounds. Rhiley appeals the dismissal of his mandamus action, and the NSP cross-appeals the rejection of its sovereign immunity defense. We conclude the sovereign immunity defense is meritorious and dismiss the appeal for lack of subject matter jurisdiction.

## FACTS

On February 1, 1991, Rhiley was arrested by police in Grand Island, Nebraska, pursuant to a felony arrest warrant for burglary issued in Laramie, Wyoming. The arresting officers informed the NSP's Criminal Identification Division (CID)

- 243 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
STATE EX REL. RHILEY v. NEBRASKA STATE PATROL
Cite as 301 Neb. 241

of the arrest. The CID serves as a repository of criminal history information[1] in Nebraska. Under Nebraska's Security, Privacy, and Dissemination of Criminal History Information Act[2] (the Criminal History Act), each criminal justice agency is required to maintain "complete and accurate criminal history record information with regard to the actions taken by the agency."[3] Under the Criminal History Act, "complete" information means that "arrest records shall show the subsequent disposition of the case as it moves through the various stages of the criminal justice system" and "accurate" information "shall mean containing no erroneous information of a material nature."[4]

According to Rhiley, after he was arrested, officials determined he was not involved in the burglary, he was released, and Wyoming prosecutors voluntarily dismissed the burglary charge. The NSP's CID was not notified of the Wyoming action.

In 2016, Rhiley obtained a copy of his NSP criminal history information and found it included information about the 1991 arrest for burglary. Regarding disposition of the arrest, the report provided: "ARREST DISPOSITION: TRANSFERRED TO ANOTHER AGENCY—WYOMING." The criminal history report did not indicate the burglary charge had been dismissed by the Wyoming prosecutor. Rhiley's attorney telephoned the NSP's CID to request correction, and was told to contact the arresting agency. Rhiley's counsel then contacted

---

[1] See Neb. Rev. Stat. § 29-3506 (Reissue 2016) ("[c]riminal history record information [means] information collected by criminal justice agencies on individuals consisting of identifiable descriptions and notations of issuance of arrest warrants, arrests, detentions, indictments, charges by information, and other formal criminal charges, and any disposition arising from such arrests, charges, sentencing, correctional supervision, and release").

[2] See Neb. Rev. Stat. §§ 29-209, 29-210, 29-3501 to 29-3528 (Reissue 2016), and 81-1423 (Cum. Supp. 2016).

[3] § 29-3515.

[4] § 29-3507.

- 244 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
STATE EX REL. RHILEY v. NEBRASKA STATE PATROL
Cite as 301 Neb. 241

the Hall County Attorney in an attempt to resolve the matter, but was unsuccessful.

On March 28, 2017, Rhiley filed a lawsuit in the Hall County District Court seeking to have the 1991 arrest information removed from the public record pursuant to § 29-3523. That statute generally provides that in the case of an arrest, all criminal history record information relating to the case "shall be removed from the public record" as follows:

> (a) When no charges are filed as a result of the determination of the prosecuting attorney, the criminal history record information shall not be part of the public record after one year from the date of arrest, citation in lieu of arrest, or referral for prosecution without citation;
>
> (b) When charges are not filed as a result of a completed diversion, the criminal history record information shall not be part of the public record after two years from the date of arrest, citation in lieu of arrest, or referral for prosecution without citation; and
>
> (c) When charges are filed, but the case is dismissed by the court (i) on motion of the prosecuting attorney, (ii) as a result of a hearing not the subject of a pending appeal, (iii) after acquittal, or (iv) after completion of a program prescribed by a drug court or any other problem solving court approved by the Supreme Court, the criminal history record information shall not be part of the public record *immediately upon notification of a criminal justice agency* after acquittal pursuant to subdivision (3)(c)(iii) of this section or after the entry of an order dismissing the case.[5]

Initially, Rhiley's lawsuit was brought against several defendants, including the city of Grand Island, Hall County, the Hall County Attorney, and the NSP's Superintendent of Law Enforcement and Public Safety, individually and in his official capacity. On July 13, 2017, Rhiley voluntarily

---

[5] § 29-3523 (3)(a) through (c) (emphasis supplied).

- 245 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
STATE EX REL. RHILEY v. NEBRASKA STATE PATROL
Cite as 301 Neb. 241

dismissed all defendants except the NSP. Thus, Rhiley elected to proceed with a mandamus action against only the NSP, seeking to compel the removal of criminal history information regarding his 1991 arrest from the public record. After the lawsuit was filed, the NSP removed Rhiley's arrest information from the public record.

Rhiley claims that § 29-3528 authorizes a mandamus action directly against the NSP to compel compliance with the Criminal History Act. Section 29-3528 provides:

> Whenever any officer or employee of the state, its agencies, or its political subdivisions, or whenever any state agency or any political subdivision or its agencies fails to comply with the requirements of [the Criminal History Act] or of regulations lawfully adopted to implement [that act], any person aggrieved may bring an action, including but not limited to an action for mandamus, to compel compliance and such action may be brought in the district court of any district in which the records involved are located or in the district court of Lancaster County. The commission may request the Attorney General to bring such action.

The NSP moved for judgment on the pleadings, arguing the mandamus action was barred by the doctrine of sovereign immunity. The district court overruled the motion. The NSP subsequently filed another motion, styled as a motion for summary judgment, asserting: (1) Rhiley's mandamus action was barred by sovereign immunity; (2) Rhiley had a plain and adequate remedy at law, so mandamus was not available; and (3) the action was rendered moot when the 1991 arrest information was removed from the public record shortly after the mandamus action was filed. No party challenges the use of summary judgment within a mandamus action.

The district court again rejected the sovereign immunity defense, but granted judgment in favor of the NSP on the other two grounds and denied mandamus relief. It reasoned Rhiley's claim was rendered moot by the NSP's removal of his arrest

information from the public record. Alternatively, it reasoned regulations promulgated pursuant to the Criminal History Act created procedures for challenging incorrect criminal history[6] and found such procedures were a "plain and adequate remedy" available to Rhiley that precluded mandamus relief.[7]

Rhiley appeals, and the NSP cross-appeals. We granted the NSP's petition to bypass.

## ASSIGNMENTS OF ERROR

Rhiley assigns, restated and summarized, that the district court erred in (1) determining the action is moot, (2) determining he failed to avail himself of a plain and adequate remedy at law, (3) relying on an administrative exhaustion defense when the NSP did not assert such a defense in its answer, (4) sustaining the NSP's hearsay objection to certain evidence, and (5) failing to bind the NSP to its guidance documents.

On cross-appeal, the NSP contends both the district court and this court lack jurisdiction, because Rhiley's claim against the NSP, a state agency, is barred by the doctrine of sovereign immunity and the language in § 29-3528 is not a waiver of such immunity.

## STANDARD OF REVIEW

[1] Sovereign immunity is jurisdictional in nature, and courts have a duty to determine whether they have subject matter jurisdiction over a matter.[8]

[2] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.[9]

---

[6] See, § 29-3526; 78 Neb. Admin. Code, ch. 1 (1978).

[7] Neb. Rev. Stat. § 25-2157 (Reissue 2016).

[8] *Cappel v. State*, 298 Neb. 445, 905 N.W.2d 38 (2017).

[9] *Tilson v. Tilson*, 299 Neb. 64, 907 N.W.2d 31 (2018); *In re Interest of Meridian H.*, 281 Neb. 465, 798 N.W.2d 96 (2011).

- 247 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
STATE EX REL. RHILEY v. NEBRASKA STATE PATROL
Cite as 301 Neb. 241

## ANALYSIS

[3] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the appeal.[10] Because the NSP's cross-appeal presents a jurisdictional question, we address it first.

### Actions Against State Are Barred Unless Sovereign Immunity Is Waived

[4] The 11th Amendment makes explicit reference to the states' immunity from suits "commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[11] This court has, as a result, sometimes referred to the 11th Amendment when discussing Nebraska's sovereign immunity from suit.[12] However, the sovereign immunity of a state neither derives from nor is limited by the terms of the 11th Amendment.[13] Rather, as we have recognized, a state's immunity from suit is a fundamental aspect of sovereignty.[14]

[5] Neb. Const. art. V, § 22, provides: "The state may sue and be sued, and the Legislature shall provide by law in what manner and in what courts suits shall be brought." Long ago, we held that this provision is not self-executing and that no suit may be maintained against the State unless the Legislature, by law, has so provided.[15] Over time, we have examined the Legislature's limited waivers of the

---

[10] *Bloedorn Lumber Co. v. Nielson*, 300 Neb. 722, 915 N.W.2d 786 (2018).

[11] U.S. Const. amend. XI. See *Alden v. Maine*, 527 U.S. 706, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999).

[12] See, e.g., *Amend v. Nebraska Pub. Serv. Comm.*, 298 Neb. 617, 905 N.W.2d 551 (2018); *Gillpatrick v. Sabatka-Rine*, 297 Neb. 880, 902 N.W.2d 115 (2017); *Lamb v. Fraternal Order of Police Lodge No. 36*, 293 Neb. 138, 876 N.W.2d 388 (2016).

[13] *Alden, supra* note 11.

[14] *Id*. See *Jill B. & Travis B. v. State*, 297 Neb. 57, 899 N.W.2d 241 (2017).

[15] *Shear v. State*, 117 Neb. 865, 223 N.W. 130 (1929).

- 248 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
STATE EX REL. RHILEY v. NEBRASKA STATE PATROL
Cite as 301 Neb. 241

State's sovereign immunity, usually in the context of either the State Tort Claims Act or the Political Subdivisions Tort Claims Act.[16]

[6-8] In doing so, we have found it well settled that statutes that purport to waive the State's protection of sovereign immunity are strictly construed in favor of the sovereign and against the waiver.[17] A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction.[18] Absent legislative action waiving sovereign immunity, a trial court lacks subject matter jurisdiction over an action against the State.[19]

This action originally involved other parties and claims, but Rhiley voluntarily dismissed all parties except the NSP and all claims except mandamus. The NSP is an administrative department of the State of Nebraska,[20] and an action against a state agency is an action against the State.[21] Therefore, Rhiley's mandamus action against the NSP is barred by sovereign immunity unless the Legislature has waived it.

Rhiley argues § 29-3528 waives the State's sovereign immunity in a mandamus action seeking to compel compliance with the Criminal History Act. His argument is generally twofold. First, he asserts we should construe § 29-3528 as a waiver of the State's sovereign immunity. Second, he contends our

---

[16] See, e.g., *Shipley v. Department of Roads*, 283 Neb. 832, 813 N.W.2d 455 (2012).

[17] *Amend, supra* note 12; *Zawaideh v. Nebraska Dept. of Health & Human Servs.*, 285 Neb. 48, 825 N.W.2d 204 (2013).

[18] *Amend, supra* note 12; *Jill B. & Travis B., supra* note 14.

[19] *Henderson v. Department of Corr. Servs.*, 256 Neb. 314, 589 N.W.2d 520 (1999).

[20] Neb. Rev. Stat. § 81-2001 (Reissue 2014).

[21] See *Henderson, supra* note 19. See, also, *Perryman v. Nebraska Dept. of Corr. Servs.*, 253 Neb. 66, 568 N.W.2d 241 (1997), *disapproved on other grounds, Johnson v. Clarke*, 258 Neb. 316, 603 N.W.2d 373 (1999).

- 249 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
STATE EX REL. RHILEY v. NEBRASKA STATE PATROL
Cite as 301 Neb. 241

decision in *Henderson v. Department of Corr. Servs.*[22] inter-
preting the Nebraska mandamus statutes was incorrect and
should be overruled. We address these arguments in reverse
order and ultimately reject both.

### *Henderson* Correctly Held Mandamus Statutes Do Not Waive Sovereign Immunity for State Agency

Rhiley seeks a writ of mandamus. Mandamus is a law action
and is defined as an extraordinary remedy, not a writ of right,
issued to compel the performance of a purely ministerial act
or duty, imposed by law upon an inferior tribunal, corporation,
board, or person, where (1) the relator has a clear right to the
relief sought, (2) there is a corresponding clear duty existing
on the part of the respondent to perform the act, and (3) there
is no other plain and adequate remedy available in the ordinary
court of law.[23] Mandamus is statutorily authorized by Neb.
Rev. Stat. §§ 25-2156 to 25-2169 (Reissue 2016).

In *State ex rel. Steinke v. Lautenbaugh*,[24] we addressed
whether a suit seeking a writ of mandamus against the Douglas
County election commissioner, in his official capacity, was
barred by sovereign immunity. We found it was not, reasoning:

> When an action is brought against an individual employee
> of a state agency, a court must determine whether the
> action against the individual official is in reality an action
> against the state and therefore barred by sovereign immu-
> nity.[25] In addressing this issue, we have stated that an
> action against a public officer to obtain relief from an
> invalid act or from an abuse of authority by the officer or
> agent is not a suit against the state and is not prohibited

---

[22] *Henderson, supra* note 19.

[23] *State ex rel. Steinke v. Lautenbaugh*, 263 Neb. 652, 642 N.W.2d 132 (2002).

[24] *Id.*

[25] See *County of Lancaster v. State*, 247 Neb. 723, 529 N.W.2d 791 (1995).

- 250 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
STATE EX REL. RHILEY v. NEBRASKA STATE PATROL
Cite as 301 Neb. 241

by sovereign immunity.[26] This exception to the rule of sovereign immunity exists because "'acts of state officers not legally authorized, or which exceed or abuse the authority conferred upon them, are judicially regarded as their own acts and not acts of the state.'"[27] . . .

Application of the foregoing principles demonstrates that this is not in reality an action brought against the state or one of its political subdivisions. The basis for relators' claims is that [the election commissioner] exceeded his statutory authority to adjust subdistrict boundaries, and thus, they seek relief from what they allege to be an invalid act or an abuse of authority by [the commissioner].[28]

*Lautenbaugh* did not rely on any Legislative waiver of sovereign immunity to find the action proper. Instead, it relied on the rationale that an act done by a state official that exceeds or abuses his or her authority is not an act of the State. As such, *Lautenbaugh* recognized the general principle that sovereign immunity does not bar mandamus actions against a public officer seeking relief from what is alleged to be an invalid act or an abuse of authority by the public officer.

Under the principle announced in *Lautenbaugh*, if Rhiley had proceeded with his mandamus action against a public officer of the NSP, our sovereign immunity analysis would be different. But Rhiley's mandamus action against the NSP superintendent was voluntarily dismissed, leaving the NSP, a state agency, as the only named party.

We addressed a similar situation in *Henderson*.[29] There, an inmate sought a writ of mandamus directing the Department

---

[26] *Johnson, supra* note 21.

[27] *Concerned Citizens v. Department of Environ. Contr.*, 244 Neb. 152, 156, 505 N.W.2d 654, 658 (1993), quoting *Rein v. Johnson*, 149 Neb. 67, 30 N.W.2d 548 (1947).

[28] *Lautenbaugh, supra* note 23, 263 Neb. at 661-62, 642 N.W.2d at 140.

[29] *Henderson, supra* note 19.

- 251 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
301 NEBRASKA REPORTS
STATE EX REL. RHILEY v. NEBRASKA STATE PATROL
Cite as 301 Neb. 241

of Correctional Services to establish his projected release date in accordance with his interpretation of a statute. The inmate sued several state officers in addition to the Department of Correctional Services, but he failed to perfect service on any of the officers. Thus, the mandamus action proceeded against only the department, and we phrased the jurisdictional question as whether the district court had subject matter jurisdiction over a mandamus action against the department, a state agency, absent legislative action waiving the State's sovereign immunity.[30]

In considering whether sovereign immunity had been waived, *Henderson* looked to the general statute authorizing mandamus, § 25-2156. That statute provides in relevant part: "The writ of mandamus may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust or station."[31] We concluded that "[n]othing in the statutes governing mandamus . . . indicates a legislative intent to waive sovereign immunity for mandamus actions against a state agency."[32]

Rhiley argues we erred in *Henderson*, and he invites us to overrule that case. He contends that although the NSP is a state agency, it can also be an "inferior tribunal" within the context of § 25-2156, and he asks us to find that the Legislature has waived the State's sovereign immunity for inferior tribunals.

We adhere to the holding in *Henderson* and do not consider Rhiley's argument, because it is hypothetical. There is nothing in the record suggesting the NSP acted as a tribunal in this case, and it is not the function of the courts to render a judgment that is merely advisory.[33] Moreover, appellate

---

[30] *Id.*

[31] § 25-2156.

[32] *Henderson, supra* note 19, 256 Neb. at 317, 589 N.W.2d at 522.

[33] *In re Applications of Koch*, 274 Neb. 96, 736 N.W.2d 716 (2007).

- 252 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
301 NEBRASKA REPORTS
STATE EX REL. RHILEY v. NEBRASKA STATE PATROL
Cite as 301 Neb. 241

courts do not generally consider arguments and theories raised for the first time on appeal,[34] and there is nothing in the record indicating Rhiley ever presented this theory to the district court.

## § 29-3528 DOES NOT WAIVE SOVEREIGN IMMUNITY FOR ACTIONS SEEKING TO ENFORCE CRIMINAL HISTORY ACT

Rhiley argues § 29-3528 waives sovereign immunity for actions brought against state agencies to compel compliance with the Criminal History Act. As noted, § 29-3528 provides:

> Whenever any officer or employee of the state, its agencies, or its political subdivisions, or whenever any state agency or any political subdivision or its agencies fails to comply with the requirements of [the Criminal History Act] or of regulations lawfully adopted to implement [that act], any person aggrieved may bring an action, including but not limited to an action for mandamus, to compel compliance and such action may be brought in the district court of any district in which the records involved are located or in the district court of Lancaster County. The commission may request the Attorney General to bring such action.

As we recently reiterated in *Amend v. Nebraska Pub. Serv. Comm.*[35]:

> It is well settled that statutes that purport to waive the State's protection of sovereign immunity are strictly construed in favor of the sovereign and against the waiver. *. . . A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction.*

---

[34] *Maria T. v. Jeremy S.*, 300 Neb. 563, 915 N.W.2d 441 (2018).

[35] *Amend, supra* note 12, 298 Neb. at 624, 905 N.W.2d at 557 (emphasis supplied).

The question, then, is whether, strictly construed against waiver, § 29-3528 contains language that either (1) expressly waives sovereign immunity for actions brought against a state agency seeking compliance with the Criminal History Act or (2) contains text from which the overwhelming implication allows no other reasonable construction.

Rhiley concedes, as he must, that there is no language in § 29-3528 which expressly waives sovereign immunity for actions to compel compliance with the Criminal History Act. He argues, however, that the overwhelming implication of the statutory language allows no other reasonable construction. Rhiley essentially contends that because the statute references "state agency" and, later in the same sentence, references bringing an "action, including but not limited to an action for mandamus," to compel compliance, the only reasonable way to construe the statute is that it waives the State's sovereign immunity in such actions. We disagree.

When strictly construed in favor of the sovereign and against waiver, a reasonable construction of the relevant text in § 29-3528 is that it recognizes a private civil right of action to enforce the Criminal History Act. So construed, § 29-3528 allows an aggrieved party to bring a civil action, including a mandamus action, to enforce compliance with the requirements of the Criminal History Act, assuming all other jurisdictional and statutory requirements for bringing any particular action are met.

But nothing about allowing a private right of action is an express or implied waiver of the State's sovereign immunity. While a court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless,[36] a court also must not read into a statute a meaning that is not there.[37] Section

---

[36] *Stick v. City of Omaha*, 289 Neb. 752, 857 N.W.2d 561 (2015).

[37] *DMK Biodiesel v. McCoy*, 290 Neb. 286, 859 N.W.2d 867 (2015).

29-3528 simply does not address the issue of sovereign immunity either expressly or by necessary implication, and we reject Rhiley's suggestion to the contrary.

We also reject Rhiley's contention that the federal district court for Nebraska has determined that § 29-3528 waives the State's sovereign immunity. In *Estate of Wondercheck, ex rel. Wondercheck v. Nebraska*,[38] an unpublished opinion of the U.S. District Court for the District of Nebraska, that court discussed § 29-3528. It did so, however, in the context of analyzing a different issue—whether § 29-3528 authorized a party to bring a mandamus action against the State of Nebraska in federal court.

As to that issue, the federal court concluded "section 29-3528 does not constitute a waiver [of the State's] immunity from suit in federal court for violation of the [Criminal History Act]."[39] It reached this conclusion because the statutory language did not include a clear declaration that the State intended to submit to federal jurisdiction, and instead referenced only "'the district court of any district in which the records involved are located or in the district court of Lancaster County.'"[40] In the course of explaining its reasoning, the federal court broadly stated that "section 29-3528 waives Nebraska's immunity only for [Criminal History Act] claims brought in state district court."[41] We read this statement in the context of the court's entire analysis of federal jurisdiction, and not as a precise holding on the statutory interpretation question presented in the instant case. In any event, to the extent the federal district court's interpretation of § 29-3528

---

[38] *Estate of Wondercheck, ex rel. Wondercheck v. Nebraska*, No. 4:06CV3087, 2006 WL 3392185 (D. Neb. Oct. 18, 2006) (unpublished memorandum and order).

[39] *Id*. at *4.

[40] *Id*., quoting § 29-3528.

[41] *Id*. at *4.

- 255 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
STATE EX REL. RHILEY v. NEBRASKA STATE PATROL
Cite as 301 Neb. 241

differs from ours, we respectfully observe that this court is the final arbiter of Nebraska law.[42]

[9] We hold that § 29-3528 does not expressly waive sovereign immunity for actions brought against a state agency seeking to compel compliance with the Criminal History Act, nor does the text overwhelmingly imply that waiver of sovereign immunity is the only reasonable construction. We thus hold that Rhiley's mandamus action against the NSP seeking to compel compliance with the Criminal History Act is barred by the doctrine of sovereign immunity.

## CONCLUSION

The Legislature has not waived the State's sovereign immunity in mandamus actions brought directly against a state agency to enforce the Criminal History Act. As such, the district court lacked subject matter jurisdiction over Rhiley's mandamus action against the NSP, a state agency.[43] When a lower court does not gain jurisdiction over the case before it, an appellate court also lacks the jurisdiction to review the merits of the claim.[44] We thus vacate the district court's judgment, and dismiss this appeal for lack of subject matter jurisdiction.

Vacated and dismissed.

---

[42] *State v. Gales*, 269 Neb. 443, 694 N.W.2d 124 (2005).

[43] See *Henderson, supra* note 19.

[44] *Id.*