BLAKE R. SPENCER, A MINOR, BY AND THROUGH HIS MOTHER AND NEXT FRIEND, SANDRA SPENCER, APPELLEE AND CROSS-APPELLANT, V. OMAHA PUBLIC SCHOOL DISTRICT ET AL., APPELLANTS AND CROSS-APPELLEES.

566 N.W.2d 757

Filed July 3, 1997.   No. S-95-119.

David M. Pedersen and David J. Kramer, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellants.

Lee R. Terry and Suzanne M. Shehan, of Terry & Kratville, for appellee.

Don Stenberg, Attorney General, and Lauren L. Hill for amicus curiae Attorney General of the State of Nebraska.

WRIGHT, CONNOLLY, and GERRARD, JJ., and FLOWERS, D.J., and BOSLAUGH, J., Retired.

WRIGHT, J.
The Omaha Public School District (OPS), the board of education for the city of Omaha, the principal of McMillan Junior High School, and the director of student personnel services for OPS (collectively referred to as the "school district") appeal the decision of the district court that reduced the expulsion of Blake R. Spencer from two semesters to one semester.

## SCOPE OF REVIEW
Appeals from the district court under the Student Discipline Act are governed by the Administrative Procedure Act. *Kolesnick v. Omaha Pub. Sch. Dist.*, 251 Neb. 575, 558 N.W.2d 807 (1997).

On an appeal under the Administrative Procedure Act, an appellate court reviews the judgment of the district court for errors appearing on the record and will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Rainbolt v. State*, 250 Neb. 567, 550 N.W.2d 341 (1996).

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996); *Goolsby v. Anderson*, 250 Neb. 306, 549 N.W.2d 153 (1996).

## FACTS
On Friday, September 23, 1994, Spencer, a student at McMillan Junior High School in Omaha, Nebraska, rode home in a school van. In his possession, he had a metal fork which he had obtained from the cafeteria earlier that day. During the ride,

Spencer bent the metal fork back and forth. He then placed the fork against the neck of the student sitting in front of him, Michael Keefer.

On Monday, September 26, 1994, the school nurse examined Keefer. The nurse noted a ¼-inch red mark on the back of his neck. Based on the nurse's observation of the red mark, the assistant principal opined that Spencer was in violation of § 1(b)(2) of the OPS Student Code of Conduct and recommended a one-semester expulsion. Subsequently, the assistant principal amended the allegation to a § 1(b)(1) violation of the Student Code of Conduct, intentionally or knowingly causing personal injury to another student, which mandates expulsion for the remainder of the semester and the following semester.

Spencer's parents requested a review of the assistant principal's decision, and on October 5, 1994, Spencer and his parents met with a hearing officer, Carol Grossman. Upon review of the allegations by Keefer, the school nurse's observations, and Spencer's admission that he did in fact touch the fork handle to Keefer's neck, the hearing officer upheld the assistant principal's decision to expel Spencer.

Spencer appealed the hearing officer's determination regarding the expulsion to the school board pursuant to the Student Discipline Act, Neb. Rev. Stat. §§ 79-4,169 to 79-4,205.02 (Reissue 1994) (now codified at Neb. Rev. Stat. §§ 79-254 to 79-294 (Reissue 1996)). The school board made no findings of fact, but voted to uphold the assistant principal's decision to expel Spencer.

Spencer appealed the school board's action to the district court for Douglas County, claiming, inter alia, that § 1(b)(1) of the Student Code of Conduct exceeded the authority granted to OPS under the Student Discipline Act, that there was insufficient evidence to support a two-semester expulsion, and that the punishment so grossly outweighed the offense as to violate Spencer's substantive due process rights.

The district court found that the Student Code of Conduct did not violate or exceed state law, but that the school board's decision to expel Spencer for the remainder of the school year was excessive and violated his constitutional right to substantive due process. The district court reduced Spencer's expulsion to one

semester. The school district has appealed from the district court's decision, and Spencer has cross-appealed.

## ASSIGNMENTS OF ERROR

The school district assigns as error that (1) the district court erred when it ruled that the expulsion of Spencer for two semesters for knowingly and intentionally causing personal injury to another student was in violation of constitutional provisions and (2) the district court erred when it ruled that the expulsion of Spencer for two semesters for knowingly and intentionally injuring another student was not supported by the evidence.

Spencer assigns as error on cross-appeal that (1) the district court erred in finding that OPS, through the Student Code of Conduct, did not exceed its authority set forth in the Student Discipline Act; (2) the district court erred in failing to rule as a matter of law that the school system's action in expelling Spencer for a full school year was arbitrary or capricious; and (3) the district court erred in failing to rule as a matter of law that the Student Code of Conduct was based on an illegal standard.

## ANALYSIS

Because it is decisive of this case, we address only whether the school board acted within the power conferred upon it by the Legislature, an issue presented in Spencer's cross-appeal. This issue presents a question of law; thus, we reach our conclusion independent of the lower court's ruling. See, *Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996); *Goolsby v. Anderson*, 250 Neb. 306, 549 N.W.2d 153 (1996).

School boards are creatures of statute, and their powers are limited. They can bind the district only within the limits fixed by the Legislature. *School Dist. of Waterloo v. Hutchinson*, 244 Neb. 665, 508 N.W.2d 832 (1993). Any action taken by a school board must be through either an express or an implied power conferred by legislative grant. *Id.* As the school board is a creature of statute, its actions beyond such limitations are void. See *id.* An administrative agency cannot use its rulemaking power to modify, alter, or enlarge provisions of a statute which it is charged with administering. *Beatrice Manor v. Department of Health*, 219 Neb. 141, 362 N.W.2d 45 (1985).

However, if a school board has acted within the power conferred upon it by the Legislature, the courts cannot question the manner in which the board has exercised its discretion in regard to a subject matter over which the board has jurisdiction, unless the action is so unreasonable and arbitrary as to amount to an abuse of discretion. *School Dist. of Waterloo v. Hutchinson, supra.*

Section 1(b) of the Student Code of Conduct, which was adopted by OPS for the 1994-95 school year, provides:

> 1. VIOLATIONS AGAINST PERSONS
>
> . . . .
>
> **b. Assault - Student (Involving Injury)**
>
> 1. Intentionally or knowingly causing personal injury
>
> **First Offense: Expulsion. Remainder of the semester and the following semester or the remainder of the semester, summer school and the first semester of the following year. Police will be contacted.**
>
> 2. Recklessly causing personal injury
>
> **First Offense: Expulsion. Remainder of the semester. Police will be contacted.**
>
> It is not a defense to a charge of assault where someone is hurt that the student did not intend to hurt anyone as long as the student intended to engage in the conduct which caused the harm.

Spencer alleges that the action of the school board in upholding his two-semester expulsion exceeded the board's statutory authority. In particular, Spencer claims the school board exceeded the statutory authority set forth in § 79-4,176, which mandates that the board act in accordance with § 79-4,180, and § 79-4,196(3)(a). The Student Discipline Act permits a school board to amplify, supplement, or extend the procedures provided in the act "if such actions are not inconsistent with the act." See § 79-4,175.

Section 79-4,196 addresses periods of expulsion. It states that if a student is expelled for "(a) the knowing and intentional use of force in causing or attempting to cause personal injury . . . except as provided in subdivision (3) of section 79-4,180," then the expulsion "shall be for a period not to exceed the remainder of the school year . . . if the misconduct occurs during the first semester." See § 79-4,196(3).

Section 79-4,180 provides:

> The following student conduct shall constitute grounds for long-term suspension, expulsion, or mandatory reassignment . . . :
>
> . . . .
>
> (3) Causing or attempting to cause personal injury to a school employee, to a school volunteer, or to any student. Personal injury caused by accident, self-defense, or other action undertaken on the reasonable belief that it was necessary to protect some other person shall not constitute a violation of this subdivision.

Section 79-4,180 therefore specifically recognizes that personal injury caused "by accident" shall not constitute grounds for expulsion.

Section 1(b)(1) of the Student Code of Conduct mandates expulsion for "[i]ntentionally or knowingly causing personal injury" to another student. Section 1(b) further provides that "[i]t is not a defense to a charge of assault where someone is hurt that the student did not intend to hurt anyone as long as the student intended to engage in the conduct which caused the harm." We thus consider the meaning of the phrase "injury caused by accident" in order to determine whether the Student Code of Conduct's provision is inconsistent with the Student Discipline Act.

Under its usual meaning, an injury which is caused "by accident" is one which is caused accidentally, unintentionally, or unexpectedly. See *City of Kimball v. St. Paul Fire & Marine Ins. Co.*, 190 Neb. 152, 206 N.W.2d 632 (1973). Section 79-4,180(3) is to be construed so that an ordinary person reading it would get from it the usual, accepted meaning. See *Adkisson v. City of Columbus*, 214 Neb. 129, 333 N.W.2d 661 (1983). We point out that § 79-4,180(3) does not provide that the injury is caused "by an accident"; rather, it states "by accident."

In *City of Kimball v. St. Paul Fire & Marine Ins. Co., supra,* we addressed the meaning of the phrase "injury to or destruction of property . . . caused by accident" in the context of an insurance policy. We concluded that it was not possible to give the word "accident" a precise legal definition but that the element of an unforeseen or unexpected damage or consequence was the dominant issue in describing causation by accident.

In *Bennett v. Travelers Protective Ass'n*, 123 Neb. 31, 241 N.W. 781 (1932), we referred to *Lewis v. Ocean Acc. & G. Corp.*, 224 N.Y. 18, 120 N.E. 56 (1918), where it appeared that the insured intentionally pricked a pimple which spread Staphylococcus aureus into the underlying tissues of his face, eventually causing death. In considering whether the infection was accidental, Justice Cardozo explained that our point of view must be that of the average man. The issue is whether the average man "would say that the dire result, so tragically out of proportion to its trivial cause, was something unforeseen, unexpected, extraordinary, an unlooked-for mishap, and so an accident." *Id.* at 21, 120 N.E. at 57.

We apply this rationale to the present case. The Student Code of Conduct does not permit the defense that the act caused a result that was unforeseen, unexpected, or accidental. For example, a pat on the back could cause one to choke on a piece of gum or candy, which could lead to a tragic result. Under the Student Code of Conduct, the lack of intent to cause such harm cannot be considered as a defense as long as the student intended to pat the injured student on the back. Therefore, the provision in the Student Code of Conduct stating that it is not a defense that the student did not intend to hurt anyone contradicts the exception found in § 79-4,180(3).

Section 79-4,175(2) provides that "[a]ny action taken by the school board or . . . its employees or agents in a material violation of the act shall be considered null, void, and of no effect." Pursuant to § 79-4,204, the district court may reverse or modify a decision if the substantial rights of the petitioner may have been prejudiced because the school board's decision was "(b) [i]n excess of the statutory authority or jurisdiction of the board . . . ."

Spencer claims he did not intend or foresee the potential harm in placing the fork on the back of the fellow student's neck. It may very well be, as the school board contends, that Spencer intended some harmful result and that his statement to the contrary is self-serving and not credible. However, we conclude that the school board exceeded its statutory authority when it adopted the following provision in § 1(b) of the Student Code of Conduct: "It is not a defense to a charge of assault

where someone is hurt that the student did not intend to hurt anyone as long as the student intended to engage in the conduct which caused the harm." We expressly do not pass upon the validity of any of the other provisions in the Student Code of Conduct.

We find that the school board's expulsion of Spencer is void. Therefore, we reverse the judgment of the district court and remand the cause with directions to vacate the expulsion.

REVERSED AND REMANDED WITH DIRECTIONS.

WHITE, C.J., participating on briefs.

CAPORALE, J., not participating.

GERRARD, J., dissenting.

I must respectfully dissent. I disagree with the majority's holding that the school board exceeded its authority when it adopted the provision in § 1(b) of the OPS Student Code of Conduct which states that "[i]t is not a defense to a charge of assault where someone is hurt that the student did not intend to hurt anyone as long as the student intended to engage in the conduct which caused the harm."

Under § 1(b), a student who intends conduct which causes personal injury to another student may be found to have violated the Student Code of Conduct even if the consequences of that intended conduct are more severe than intended. The majority holds that this provision contradicts the statutory grant of authority to school districts provided in the school law statutes. Neb. Rev. Stat. § 79-4,180 (Reissue 1994) provides, in relevant part, that "[p]ersonal injury caused by accident . . . shall not constitute a violation of this subdivision . . . ." The majority concludes that § 1(b) of the Student Code of Conduct does not permit the defense that an act caused a result that was unforeseen, unexpected, or accidental and that this is not consistent with the requirements of § 79-4,180.

The majority misses the mark in relying on authority regarding the construction of liability insurance policies in order to determine the meaning of the phrase "by accident." More analogous to the provisions at issue in the instant case is our law defining the intent required for an assault that causes personal injury in the criminal law context, i.e., a general intent statute.

In this context, we have held that the intent required for an assault relates to the act which produces the injury, not to the consequences or injuries which result from the assault. See, *State v. Williams*, 243 Neb. 959, 503 N.W.2d 561 (1993); *State v. Hoffman*, 227 Neb. 131, 416 N.W.2d 231 (1987). In *State v. Hoffman*, 227 Neb. at 139, 416 N.W.2d at 237, we stated:

> When one deliberately does an act which proximately causes and directly produces a result which the criminal law is designed to prevent, the actor is legally and criminally responsible for all the natural or necessary consequences of the unlawful act, although a particular result of the act was not intended or desired.

See, also, *State v. Cebuhar, post* p. 796, 567 N.W.2d 129 (1997). In this same context, an "accident" occurs where there is a "lack of intent to do the act at all." See, e.g., *Fields v. State*, 167 Ga. App. 816, 818, 307 S.E.2d 712, 714 (1983). The code provision at issue in the instant case is, clearly, in keeping with this reasoning.

Thus, an accident as to the conduct itself remains a viable defense under the Student Code of Conduct, and a student who demonstrates that he or she did not intend to engage in the conduct which injures another student will not be held to have violated § 1(b). For example, a student who trips and runs into another student, causing injury, will not be held to have violated the Student Code of Conduct, because the injury was caused by accident. Conversely, a student who intentionally trips or pushes another student, causing injury, may be held to have violated the Student Code of Conduct. The fact that an intentional act has resulted in an unintended (i.e., more severe) harm does not constitute a defense to the charge of assault under either § 1(b) of the Student Code of Conduct or under § 79-4,180.

A student who purposely trips or pushes another student, intending for that student to stumble but not be injured, may be held accountable for the resulting personal injuries to that student, even though the particular injuries (i.e., more severe) were not intended. Because the act was intentional, it cannot be termed an "accident." Therefore, § 1(b) is consistent with § 79-4,180, and I would hold that the school board did not exceed its authority in adopting § 1(b).

However, such a conclusion does not completely resolve this appeal. The district court determined that the school board's decision to expel Spencer for the remainder of the school year was excessive and violated his constitutional right to substantive due process; thus, it reduced Spencer's expulsion to one semester. We recently considered a similar substantive due process argument in a case in which a student was expelled from eighth grade for the remainder of a school year (i.e., two-semester expulsion) for the possession of a weapon at school. *Kolesnick v. Omaha Pub. Sch. Dist.*, 251 Neb. 575, 558 N.W.2d 807 (1997). Having determined that expulsion is a rationally related means of protecting students and staff from violence, we held that a two-semester expulsion for the possession of a weapon at school did not violate the student's rights under the Nebraska or federal Constitution. *Id.*

Likewise, the Omaha Public School District has determined within statutory guidelines, as a matter of policy, that any student who intentionally or knowingly causes personal injury to another student merits a mandatory two-semester expulsion because such conduct has the potential to seriously affect the health, safety, or welfare of other students or staff members, or to otherwise seriously interfere with the educational process. Under the rational basis test, so long as the official action is directed to a legitimate purpose and is rationally related to achieving that purpose, it is not unconstitutional. *Id.*

Applying the rational basis test, as we did in *Kolesnick v. Omaha Pub. Sch. Dist., supra,* I would conclude that Spencer's expulsion was rationally related to the board's interest in protecting students and staff from another student who would intentionally or knowingly cause personal injury to others. Spencer admitted that he knew he was heating up the fork and that he intended to touch the other student with it. Moreover, there is evidence in the record to suggest that Spencer actually knew that the heat from the fork would cause a burn on the other student. The record is replete with evidence that Spencer knew exactly what he was doing and intended to do it—this is not an "accident" case.

Accordingly, Spencer's two-semester expulsion did not violate his rights under the Nebraska or federal Constitution. It is

not the province of the courts to question the wisdom or manner in which the board has exercised its discretion in regard to subject matter over which the board has jurisdiction, so long as it acts within the power conferred upon it by the Legislature. See *id.* The Omaha Public School District acted within the express authority conferred upon it by the Legislature, and the board's decision was supported by competent, material, and substantial evidence. Therefore, the district court's judgment reducing Spencer's expulsion to one semester should have been reversed.