568 N.W.2d 241 (1997)
253 Neb. 66
Ollie H. PERRYMAN, Appellant,
v.
NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES et al., Appellees.
No. S-95-1137.
Supreme Court of Nebraska.
August 29, 1997.
*243 Dennis R. Keefe, Lancaster County Public Defender, and Richard L. Goos, Lincoln, for appellant.
Donald Stenberg, Attorney General, and Marie C. Pawol, Lincoln, for appellees.
CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.
McCORMACK, Justice.
Ollie H. Perryman, an inmate in the custody of Nebraska's Department of Correctional Services (DCS), filed an amended petition for a declaratory judgment requesting that the district court for Lancaster County determine whether DCS could revoke Perryman's good time credits based on a letter by Nebraska's Attorney General interpreting Neb. Rev.Stat. § 28-416 (Supp.1993). The district court dismissed Perryman's case after trial, holding that it lacked subject matter jurisdiction because the State had not waived its sovereign immunity. Perryman appeals from that decision. On our own motion, we removed the matter to this court under our authority to regulate the caseloads of the Nebraska Court of Appeals and this court. We affirm.

FACTUAL BACKGROUND
The facts of this case are undisputed. Perryman was convicted of a Class IC felony under § 28-416(7)(a) (Cum.Supp.1992). On January 8, 1993, the district court for Douglas County sentenced Perryman, pursuant to Neb.Rev.Stat. § 28-105 (Reissue 1989), to 5 to 10 years' imprisonment, with a mandatory minimum term of 5 years. Perryman was committed to DCS on January 19, 1993.
Initially, based on the advice of DCS' legal counsel, DCS credited Perryman with good time to compute his parole ehgibihty and tentative release dates, even though he was sentenced to a mandatory minimum term. The Attorney General, in a letter to DCS dated January 25, 1994, stated that inmates serving mandatory minimum terms could not be paroled unless they had served the entire mandatory minimum term without good time. Harold W. Clarke, director of DCS, then sent a letter dated January 28, 1994, to Ron Riethmuller, the records administrator for DCS, which stated that effective immediately, the application of good time toward mandatory minimum sentences imposed for certain drug offenses was to be discontinued.
On March 17, 1994, approximately 14 months after DCS received custody of Perryman, Perryman was notified by DCS that he would not be given any good time credit in accordance with Neb.Rev.Stat. § 83l,107(l)(a) (Reissue 1994) because of his sentence under a Class IC drug felony requiring *244 a mandatory minimum term of imprisonment prior to being eligible for parole. This determination was based on the Attorney General's letter of January 25, 1994. The revocation of Perryman's good time credit changed his parole eligibility date by 21/2 years from January 16, 1995, to July 16, 1997.
Perryman then filed a declaratory judgment action against DCS; Clarke; John J. Dahm, chief executive officer of the Omaha Correctional Center; and the Omaha Correctional Center. Perryman appeared pro se at trial. At the trial's conclusion, the district court appointed a public defender to represent Perryman. The district court granted Perryman's motion to reopen trial on the issue of jurisdiction and entered an order dismissing Perryman's case. The district court reasoned that it lacked subject matter jurisdiction pursuant to County of Lancaster v. State, 247 Neb. 723, 529 N.W.2d 791 (1995), and Riley v. State, 244 Neb. 250, 506 N.W.2d 45 (1993), because the State had not waived its sovereign immunity under either Nebraska's Uniform Declaratory Judgments Act or the Administrative Procedure Act.

STANDARD OF REVIEW
A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. Reutzel v. Reutzel, 252 Neb. 354, 562 N.W.2d 351 (1997); Essman v. Nebraska Law Enforcement Training Ctr., 252 Neb. 347, 562 N.W.2d 355 (1997); Tess v. Lawyers Title Ins. Corp., 251 Neb. 501, 557 N.W.2d 696 (1997).

ASSIGNMENTS OF ERROR
Perryman claims that the district court erred in (1) granting summary judgment, which denied him his rights under article I, § 13, of the Nebraska Constitution; (2) holding that the court did not have subject matter jurisdiction in this case; (3) failing to find that Richardson v. Clarke, 2 Neb.App. 575, 512 N.W.2d 653 (1994), was not controlling in this case; (4) refusing and failing to consider the legislative history of the statute in question; (5) failing to find that Perryman had been denied equal protection of the law under the Equal Protection Clause of the U.S. Constitution; (6) failing to find that the Attorney General's directive and Clarke's letter deprived him of due process of law, since he had a protected liberty interest under the Due Process Clause of the U.S. Constitution in the good time credits granted him by the mandatory language of the Nebraska statutes.

ANALYSIS

ADMINISTRATIVE PROCEDURE ACT
Based on its allegations, the amended petition can be construed under either the Administrative Procedure Act, Neb.Rev.Stat. § 84-901 et seq. (Reissue 1994), or the Uniform Declaratory Judgments Act, Neb. Rev. Stat. § 25-21,149 et seq. (Reissue 1995).
The district court determined that Perryman's declaratory judgment action could not be maintained under the Administrative Procedure Act because "the conflict is simply one of statutory interpretation." The court further found that Perryman's constitutional arguments were premised entirely on DCS' interpretation of a statute, § 28-416, and were thus impermissible under County of Lancaster v. State, supra, and Riley v. State, supra.
The Administrative Procedure Act, specifically § 84-911, provides:
(1) The validity of any rule or regulation may be determined upon a petition for a declaratory judgment thereon addressed to the district court of Lancaster County if it appears that the rule or regulation or its threatened application interferes with or impairs or threatens to interfere with or impair the legal rights or privileges of the petitioner....
(2) The court shall declare the rule or regulation invalid if it finds that it violates constitutional provisions, exceeds the statutory authority of the agency, or was adopted without compliance with the statutory procedures.
The foregoing section of the Administrative Procedure Act "provides a limited statutory waiver of sovereign immunity and *245 confers subject matter jurisdiction for a declaratory judgment concerning the validity of a state agency's rule or regulation." Riley v. State, 244 Neb. 250, 258, 506 N.W.2d 45, 50 (1993). See, also, County of Lancaster v. State, 247 Neb. 723, 529 N.W.2d 791 (1995).
Perryman asserts that Clarke's memorandum constitutes a "rule or regulation" under the Administrative Procedure Act because it "`implemented'" the Attorney General's mandate and "`interpreted'" the good time statutes to determine their applicability. Brief for appellant at 17-18.
The Administrative Procedure Act defines what a rule or regulation is, and provides: "Rule or regulation shall mean any rule, regulation, or standard issued by an agency ... and designed to implement, interpret, or make specific the law enforced or administered by it or governing its organization or procedure." § 84-901(2).
Perryman, relying on Richardson v. Clarke, supra, asserts that Clarke's memorandum constitutes a "`standard issued by an agency ... designed to implement, interpret, or make specific the law' administered by it." Brief for appellant at 6. Perryman's contention is that such "rule or regulation" misinterpreted § 28-416. However, Richardson is distinguishable from the instant case because it involved the judicial interpretation of a standard, not a statute.
Thus, we agree with the district court and conclude that Clarke's memorandum is not a rule, regulation, or standard, but involves a matter of statutory interpretation. The limited waiver of sovereign immunity granted by § 84-911 does not confer jurisdiction for declaratory relief concerning judicial interpretation of a statute. See, County of Lancaster v. State, supra; Riley v. State, supra. We hold that the district court correctly found that it lacked subject matter jurisdiction under the Administrative Procedure Act in Perryman's action against DCS and the Omaha Correctional Center, since the State did not waive its sovereign immunity concerning judicial interpretation of § 28-416.

UNIFORM DECLARATORY JUDGMENTS ACT
Perryman's petition can also be construed as a declaratory judgment action under § 25-21,149 of the Uniform Declaratory Judgments Act, which provides:
Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.... The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.
The act permits "[a]ny person ... whose rights, status or other legal relations are affected by a statute ... [to] have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status or other legal relations thereunder." § 25-21,150.
For purposes of applying the doctrine of sovereign immunity, a suit against an agency of the state is the same as a suit against the state. County of Lancaster v. State, 247 Neb. 723, 529 N.W.2d 791 (1995); Concerned Citizens v. Department of Environ. Contr., 2M Neb. 152, 505 N.W.2d 654 (1993). Since Perryman filed an action against DCS and the Omaha Correctional Center, agencies created by the state, see Neb.Rev.Stat. § 83-171 (Reissue 1994), Perryman has filed suit against the state. See, County of Lancaster v. State, supra; Concerned Citizens v. Department of Environ. Contr., supra Such suit is barred because the Uniform Declaratory Judgments Act does not waive the State of Nebraska's sovereign immunity. See, County of Lancaster v. State, supra; Riley v. State, 244 Neb. 250, 506 N.W.2d 45 (1993); Concerned Citizens v. Departnoent of Environ. Contr., supra. We hold that the district court correctly found that it lacked subject matter jurisdiction over Perryman's suit against DCS and the Omaha Correctional Center, because the State of Nebraska did not waive its sovereign immunity.

*246 DEFENDANTS CLARKE AND DAHM
Because Perryman also filed suit against Clarke and Dahm in their official capacities, we must consider whether subject matter jurisdiction exists in a suit against these state officials.
In County of Lancaster v. State, supra, we held that the plaintiff could not use a declaratory judgment action to compel affirmative action on the part of state officials. In Perryman's case, his good time credit has already been taken away from him, in accordance with the Attorney General's letter. Thus, Perryman seeks by declaratory judgment to compel immediate restitution of his good time credit. Therefore, the relief sought by Perryman is affirmative and within the scope of sovereign immunity. Accordingly, the district court lacked subject matter jurisdiction under the Uniform Declaratory Judgments Act in the claims against defendants Clarke and Dahm.

CONCLUSION
We conclude that the trial court's determination that it lacked subject matter jurisdiction was correct, and we affirm the judgment of dismissal.
AFFIRMED.
WHITE, C.J., participating on briefs.