# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-4122

———————

Harvey J. Cass,                                    *
                                                   *
                    Appellant,                     *
                                                   *
          v.                                       *
                                                   *    Appeal from the United States
Harold W. Clarke; Michael L. Kenney;               *    District Court for the
Joseph Wilson; Darla Ziesset; Frank X.             *    District of Nebraska.
Hopkins; M. Rose-Seeman, also known                *
as Mikki Kirkpatrick; Fred Britten;                *       [UNPUBLISHED]
Mike Johanns; Jane Grabenstein-                    *
Chandler; Jeff Utecht; Bruce Kramer;               *
Teresa Predmore,                                   *
                                                   *
                    Appellees.                     *

———————

Submitted:  November 24, 2006
Filed:  December 4, 2006

———————

Before SMITH, MAGILL, and BENTON, Circuit Judges.

———————

PER CURIAM.

Harvey J. Cass, a former Nebraska prisoner, appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action.  Cass sought damages for

———————

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

alleged due process violations stemming from a misconduct report filed against him and the resulting disciplinary proceedings and punishment, which included the loss of 90 days of good-time credit. Upon de novo review, see Phillips v. Norris, 320 F.3d 844, 846 (8th Cir. 2003) (standard of review), we affirm the grant of summary judgment for defendants.

We agree with the district court that Cass's due process challenges to the prison disciplinary proceedings fail. First, Cass had no actionable claim against appellee Joseph Wilson for filing an allegedly false misconduct report, see Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (filing of false disciplinary report against inmate is not itself actionable), and his contention on appeal that Wilson filed the report in retaliation was not raised below and we decline to address it here, see Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004) (declining to consider new allegations on appeal). Second, appellee Darla Ziesset's failure to follow state law and conduct an independent investigation did not violate Cass's federal due process rights, see Phillips, 320 F.3d at 847 (there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations), particularly when Supreme Court precedent does not mandate an investigation, see Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974) (establishing minimum due process requirements for prison disciplinary hearings). Third, appellee Mike Kenney's ability to delegate the approval of the loss of good time to appellee Fred Britten is likewise purely a question of state law, lacking any federal or constitutional implication as required to be actionable in this section 1983 suit; and in any event, this is an issue that the Nebraska courts have resolved in appellees' favor, see Martin v. Neb. Dep't of Corr. Servs., 671 N.W.2d 613, 619-20 (duty to approve forfeiture of good time may be delegated to subordinate officials).

Accordingly, we affirm.

_____