IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

KAPLAN V. STATE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

SANFORD S. KAPLAN, APPELLANT,

V.

STATE OF NEBRASKA AND NEBRASKA STATE PATROL, APPELLEES.

Filed May 16, 2023.    No. A-22-718.

Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

Michael J. Synek for appellant.

Michael T. Hilgers, Attorney General, and Scott R. Straus for appellees.

RIEDMANN, BISHOP, and WELCH, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Sanford S. Kaplan appeals the Lancaster County District Court's determination that it lacked subject matter jurisdiction over his declaratory judgment action against the State of Nebraska (State) and the Nebraska State Patrol (NSP), because his claims were barred by sovereign immunity. For the reasons set forth below, we affirm.

## BACKGROUND

In 2009, Kaplan pled no contest to eight charges, seven counts of child abuse and one count of false imprisonment in the first degree. He was ultimately sentenced to 1 to 3 years' incarceration for each count, and each count was to run consecutively. In addition to his sentence, Kaplan signed and submitted a registration form to comply with the Nebraska Sex Offender Registration Act (SORA). The district court ordered Kaplan to register within 5 days of his release from incarceration.

Kaplan was released from incarceration and granted parole on December 28, 2016. He was discharged from parole on January 20, 2021. Since his release from incarceration and parole, Kaplan has fulfilled his SORA requirements.

On July 2, 2021, Kaplan sued the State and the NSP (collectively the state defendants), the Lancaster County Sheriff, and the Lincoln Police Department, seeking a declaratory judgment that he is not required to further register as a sex offender under SORA and enjoining the state defendants from arresting or charging him for SORA violations. Kaplan asserted that because there was no hearing or finding to show there was evidence of sexual penetration or sexual contact in relation to his convictions, there was no basis to require him to register as a sex offender. Furthermore, he alleged that his lack of notice or hearing on the matter violated his due process rights.

On August 6, 2021, the state defendants moved to dismiss the case because the district court lacked subject matter jurisdiction, as they are both entitled to sovereign immunity. Alternatively, they alleged that Kaplan had not stated a claim upon which relief could be granted. Although a hearing was scheduled for the motion to dismiss, the hearing was continued because Kaplan's attorney unexpectedly passed away. He was appointed new counsel, but solely for the purpose of finding him different counsel that would be better equipped to handle his case.

On May 2, 2022, Kaplan informed the district court that he had hired new counsel. Following a May 5 hearing, the district court dismissed the Lincoln Police Department and the Lancaster County Sheriff's Department from the action. It explained that neither party were entities that could be sued, because to sue an agency of the city or county, the proper defendant would be the city or county, not the agency. The district court continued the case for the state defendants, so that Kaplan's new counsel could become familiar with the case.

Following a July 14, 2022, hearing on the motion to dismiss, the district court dismissed the case for lack of subject matter jurisdiction. It explained that like the defendant in *Burke v. Board of Trustees*, 302 Neb. 494, 924 N.W.2d 304 (2019), the state defendants had sovereign immunity and because Kaplan failed to name any individuals in their official or personal capacity, the court lacked jurisdiction over the matter. It also held that any opportunity to amend the complaint would be futile because Kaplan's argument was based on a misstatement of the law. Kaplan appeals.

## ASSIGNMENTS OF ERROR

Kaplan assigns four errors: the district court erred by (1) incorrectly finding that the doctrine of sovereign immunity barred his cause of action against the state defendants; (2) failing to allow Kaplan to amend his pleading; (3) misconstruing the nature of Kaplan's claim that SORA deprived him of due process; and (4) mischaracterizing Kaplan's cause of action as an impermissible collateral attack.

## STANDARD OF REVIEW

Sovereign immunity is jurisdictional in nature, and courts have a duty to determine whether they have subject matter jurisdiction over a matter. *Burke v. Board of Trustees, supra*. When a jurisdictional question does not involve a factual dispute, the issue is a matter of law. *Id*. An appellate court reviews questions of law independently of the district court's conclusion. *Id*.

ANALYSIS

*Sovereign Immunity.*

Both Kaplan and the state defendants acknowledge that the Nebraska Uniform Declaratory Judgment Act (UDJA) does not waive sovereign immunity. Regardless, Kaplan argues that the state defendants cannot shield themselves with sovereign immunity because the Nebraska Supreme Court's decision in *Burke v. Board of Trustees, supra*, created a conflict in authority with *Martin v. Nebraska Dept. of Corr. Servs.*, 267 Neb. 33, 671 N.W.2d 613 (2003). Kaplan contends that we should hold that *Martin* applies to this case, which would result in a reversal of the district court's order dismissing his complaint.

In *Martin v. Nebraska Dept. of Corr. Servs., supra*, an inmate brought an action under 42 U.S.C. § 1983 (2000) and for declaratory relief against the Department of Corrections, its director, and several wardens in their official capacity. The district court dismissed the § 1983 claim on the basis of sovereign immunity. However, it exercised its jurisdiction over the claims seeking declaratory relief. On appeal, the State argued that the district court lacked jurisdiction over the inmate's petition because the State had sovereign immunity from declaratory judgments. The Supreme Court disagreed.

In affirming jurisdiction, the Supreme Court reiterated two established principles: An action against a public officer to obtain relief from an invalid act or from an abuse of authority by the officer or agent is not a suit against the state and is not prohibited by sovereign immunity; and, suits which seek to compel an affirmative action on the part of state officials are barred by sovereign immunity. The court focused its analysis on which of the two principles applied, based upon the relief sought by the inmate. It determined that because the inmate was seeking to prohibit the public officers from allegedly exceeding their statutory authority in withholding his good time credit, the case was an action against a public officer to obtain relief from an abuse of authority. Therefore, it was not a suit against the state for which the state would have sovereign immunity.

Conversely, in *Burke v. Board of Trustees*, 302 Neb. 494, 924 N.W.2d 304 (2019), a state college employee sued the college's board of trustees seeking a declaration that it failed to timely notify her of nonrenewal of her contract in contravention of a collective bargaining agreement. The district court granted summary judgment in favor of the board, but on appeal, the Supreme Court vacated the order, finding that the district court lacked subject matter jurisdiction over the action. It reasoned that because the employee sued only the board of trustees and did not name as defendants any state officials in their individual or official capacity, sovereign immunity barred her suit.

In reaching its decision, the Supreme Court recognized the action as one against the State and noted that the complaint named the board as the only defendant. *Burke v. Board of Trustees, supra*. Because no individuals were sued in their official capacity as state employees, the Court held that cases addressing the application of sovereign immunity in those types of situations were inapplicable where, as here, only the State was sued. It concluded that "[b]ecause [the employee's] action against the Board is an action directly against the State, sovereign immunity applies to bar the action, unless the Legislature has waived it." *Id*. at 504, 924 N.W.2d at 312.

Here, Kaplan's declaratory judgment action is more akin to *Burke v. Board of Trustees, supra*, than *Martin v. Nebraska Dept. of Corr. Servs.*, 267 Neb. 33, 671 N.W.2d 613 (2003),

because Kaplan did not name any individual as a defendant. Rather, he named only the State and a State agency, the NSP. An action against an agency of the State is an action against the State. See *State ex rel. Rhiley v. Nebraska State Patrol*, 301 Neb. 241, 917 N.W.2d 903 (2018). Unlike *Martin*, there were no individuals named in this suit over which the district court could exercise jurisdiction. Therefore, the district court properly dismissed Kaplan's complaint for lack of jurisdiction because the state defendants are entitled to sovereign immunity. See, also, *Perryman v. Nebraska Dept. of Corr. Servs.*, 253 Neb. 66, 568 N.W.2d 241 (1997), *disapproved on other grounds, Johnson v. Clarke*, 258 Neb. 316, 603 N.W.2d 373 (1999) (conducting separate sovereign immunity analysis of state entities and individuals).

As a point of clarification, the district court held that "[t]o the extent *Martin* impliedly authorized lawsuits for declaratory relief against the State, it was impliedly overruled by *Burke*." We do not read *Burke* as impliedly overruling *Martin*. Rather, in *Martin*, the issue before the court was whether subject matter jurisdiction existed in an action including a state entity and public officers who allegedly exceeded their statutory authority. The Supreme Court reiterated that an action against a public officer to obtain relief from an invalid act or from an abuse of authority by that officer is not a suit against the state and is therefore not prohibited by sovereign immunity. It therefore affirmed the district court's determination that it had jurisdiction over the action without separately addressing the issue of jurisdiction over the state entity.

*Heist v. Nebraska Dept. of Corr. Servs.*, 312 Neb. 480, 979 N.W.2d 772 (2022), involved a similar situation in which a state agency and its officials were sued under the UDJA. In addressing whether sovereign immunity precluded subject matter jurisdiction over the action, the Supreme Court stated

> [W]e note that although the UDJA itself does not waive the State's sovereign immunity, a declaratory judgment action against a state officer or agent seeking relief from an invalid act or an abuse of authority by an officer or agent is not a suit against the State and is therefore not barred by the principles of sovereign immunity. Heist's petition for declaratory relief named, in addition to [the Department of Corrections], [three individuals] in their official capacities as respondents, and asserted that each was improperly "withholding the good time implemented by LB 191 . . . by applying LB 191 Good Time only to [tentative release dates] and not to [parole eligibility dates]." As such, like the district court, we have jurisdiction to consider the merits of Heist's [] claim.

*Heist v. Nebraska Dept. of Corr. Servs.*, 312 Neb. at 491, 979 N.W.2d at 782. We interpret the above to indicate that sovereign immunity would have precluded subject matter jurisdiction but for the inclusion of the named individuals as defendants. Neither *Martin v. Nebraska Dept. of Corr. Servs.*, 267 Neb. 33, 671 N.W.2d 613 (2003), nor *Heist v. Nebraska Dept. of Corr. Servs., supra*, stand for the proposition that when a state entity is the sole defendant in a declaratory judgment action a court may exercise subject matter jurisdiction. To the contrary, *Burke v. Board of Trustees*, 302 Neb. 494, 924 N.W.2d 304 (2019), makes clear that no jurisdiction exists when the state is the sole defendant, and the Legislature has not waived its immunity.

Based upon the above, we find no conflict between *Burke v. Board of Trustees, supra*, and *Martin v. Nebraska Dept. of Corr. Servs., supra*; therefore, no overruling of *Martin*, should be

implied. Because the court lacked subject matter jurisdiction over the state defendants, it properly granted their motion to dismiss.

*Amended Complaint.*

Kaplan assigns that the district court erred in denying him leave to amend his complaint. When a court grants a motion to dismiss, a party should be given leave to amend absent undue delay, bad faith, unfair prejudice, or futility of amendment. *Williams v. State*, 310 Neb. 588, 967 N.W.2d 677 (2021). But leave should not be granted when it is clear that the defect cannot be cured by amendment. *Id*.

Although Kaplan assigned error to the district court's failure to allow him to amend his complaint, he failed to argue it in his brief. Absent a coinciding argument to his assigned error, we will not address it. See *State v. Wood*, 310 Neb. 391, 966 N.W.2d 825 (2021) (alleged error must be both specifically assigned and specifically argued).

*Remaining Arguments and Assignments of Error.*

For purposes of completeness, we note that Kaplan argues SORA is unconstitutional because it requires him to register as a sex offender when he was not convicted of a crime that was sexual in nature. However, Kaplan did not assign this as error, and we will not address an alleged error that is not both assigned and argued. See *State v. Wood, supra*.

Given the district court's lack of jurisdiction over Kaplan's claim and his failure to argue on appeal the denial of his request to amend, we need not discuss Kaplan's remaining assignments of error.

## CONCLUSION

Having found that sovereign immunity applies to the state defendants, we conclude the district court did not err in granting the state defendants' motion to dismiss for lack of subject matter jurisdiction. We therefore affirm the district court's order dismissing Kaplan's complaint.

AFFIRMED.